UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Ellen DeRosa

    v.                                              Civil No. 05-cv-116-JD

Pfizer, Inc., and Parke-Davis,
Division of Warner-Lambert Company


O R D E R


    Ellen DeRosa filed a class action complaint in state court alleging that Pfizer, Inc., and Parke-Davis have promoted the prescription drug Neurontin for "non-scientifically supported uses" through false information in violation of New Hampshire's Consumer Protection Act, Revised Statutes Annotated § 358-A.[1] The defendants removed the case to this court asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"). See 28 U.S.C.A. §§ 1332(d)(2) and § 1453. DeRosa moves to remand the case, contending that subject matter jurisdiction is lacking because the defendants cannot show that the amount in controversy exceeds $5,000,000 as is required under CAFA.

    As the removing parties, the defendants have the burden of showing this court's subject matter jurisdiction. Danca v. Private Health Care Sys., Inc, 185 F.3d 1, 4 (1st Cir. 1999). In

---

[1]DeRosa alleges that Pfizer acquired Warner-Lambert, including the Parke-Davis Division, in 2000, making the defendants part of the same corporate entity.

a removed action, when it is disputed whether the amount in controversy requirement is met and the complaint does not seek a specific amount in damages, the defendant must show by a preponderance of the evidence that the amount in controversy meets or exceeds the jurisdictional requirement.  <u>Evans v. Yum Brands, Inc.</u>, 326 F. Supp. 2d 214, 220 (D.N.H. 2004).  The defendants may meet that burden by pointing to allegations in the complaint or by providing additional competent evidence.  <u>Id.</u>

The provisions of CAFA apply to this case because it was filed in state court on the day CAFA became effective, February 18, 2005.  <u>See</u> <u>Pritchett v. Office Depot, Inc.</u>, 404 F.3d 1232, 1234-35 (10th Cir. 2005).  Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which - (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  § 1332(d)(2).  The amount in controversy is determined by aggregating all of the claims of the individual class members, exclusive of interest and costs.  § 1332(d)(6).  It is undisputed, based on the allegations in the complaint, that the diversity of citizenship element is satisfied in this case.

The defendants contend that the amount in controversy requirement is satisfied because the monetary value of the relief

2

the plaintiff class is seeking exceeds $5,000,000.  To show that amount, the defendants point to allegations in the complaint that class members seek economic damages for their purchases of Neurontin prescribed by "off label" uses,[2] that the class "is at least in the tens of thousands," that the period of Neurontin sales extends over eleven years, and that sales of Neurontin in a single year, 2000, "were $1.3 billion, and they rose to $1.7 billion" with 78% of those sales being made for off label uses.  Based on those allegations, the defendants calculate that Neurontin sales for off label uses in New Hampshire in 2000 would have been over $5.8 million.

In addition, the defendants provide the affidavit of Aaron Foster, manager of global market analytics at Pfizer, who stated that 299,649 prescriptions were filled in New Hampshire for Neurontin between 2000 and March of 2005.  He estimated that 100,000 prescriptions were filled between 1994 and 2000.  Foster states that the average price of a prescription of Neurontin in New Hampshire, subject to several variables, was $138.69 in 2004 and $161.68 in 2005.  The defendants then calculate that if 90% of the prescriptions filled in 2004 were for off label uses, the value of the sales applicable to the class in 2004 would be

---

[2] DeRosa describes the prescriptions for Neutontin challenged by this action as "non scientifically supported uses" and "a purpose other than 'adjunctive therapy.'"  The defendants use the term "off label uses" to describe the challenged prescriptions.

$7,464,007.22.  Alternatively, Foster states that the total sales of Neurontin in New Hampshire in 2004 were $10,234,555, and the defendants calculate, based on 90% of those sales being for off label uses, that off label prescription sales in 2004 would have amounted to $9,211,099.50.  Marinel Lotrean, a senior finance manager at Pfizer, states in her affidavit that the value of the equitable relief requested by DeRosa, seeking to require Pfizer to inform and advise consumers and the medical community about Neurontin, is $1,499,000.

Based on allegations in the complaint augmented by the information provided in the affidavits, the defendants have carried their burden of showing that the amount in controversy requirement of § 1332(d)(2) is satisfied in this case.  As subject matter jurisdiction exists, removal was proper.

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 6) is denied.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

June 14, 2005

cc: John E. Friberg, Jr., Esquire
    D. Michael Noonan, Esquire